DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| REGINALD BELL,<br><br>                    **Plaintiff,**<br>v.<br><br>TARGET GAS STATION, LLC,<br><br>                    **Defendant.** | Civil Action No. 2018-0020 |

**Appearances:**
**Reginald Bell,** *Pro Se*
St. Croix, U.S.V.I.

**Jeffrey B.C. Moorhead, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion to Dismiss ("Motion to Dismiss") and Renewed Motion to Dismiss ("Renewed Motion to Dismiss") (collectively, "Motions" or "Motions to Dismiss") (Dkt. Nos. 16, 25) filed by Defendant Target Gas Station, LLC ("Defendant"), in which Defendant requests that Plaintiff Reginald Bell's ("Plaintiff") Complaint (Dkt. No. 1) be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").[1] For the reasons discussed below, the Court will grant Defendant's Motions in part and will: (1) dismiss Plaintiff's claim for injunctive relief without prejudice; and (2) dismiss Plaintiff's claim for monetary damages with prejudice.

---

[1] Defendant erroneously cites to Federal Rule of Civil Procedure 30(b)(6) as the basis for its original Motion to Dismiss, but corrects this error in its Renewed Motion to Dismiss.

# I. BACKGROUND

Plaintiff's *pro se* Complaint alleges that Defendant violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* ("Title II") by refusing to allow Plaintiff to remain inside of a gas station operated by Defendant with his service animal. (Dkt. No. 1 at 3-4). Plaintiff seeks injunctive relief and monetary damages of $100,000 against Defendant. *Id.* at 4.

In its Motions to Dismiss, Defendant contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Complaint fails to establish a *prima facie* case of disability discrimination under the ADA. Specifically, Defendant argues that Plaintiff's Complaint fails to allege that Plaintiff is an individual with a disability as required to make out a *prima facie* case. (Dkt. No. 16 at 5-6). Defendant also argues that Plaintiff's Complaint should be dismissed because the ADA does not provide for monetary damages in this case. *Id.* at 6.

Following Plaintiff's failure to timely respond to Defendant's Motion to Dismiss, Magistrate Judge Ruth Miller held a status conference with the parties on December 11, 2018. After discussion of Defendant's Motion to Dismiss, the parties stipulated to an extension of time for the submission of an amended complaint by Plaintiff seeking to cure the deficiencies identified in Defendant's Motion to Dismiss. At Plaintiff's request, the Magistrate Judge set a deadline of December 27, 2018 for the submission of Plaintiff's amended complaint. The deadline passed with no filing from Plaintiff, and Defendant's Renewed Motion to Dismiss followed.

# II. DISCUSSION

## A. Applicable Legal Principles

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts accept a plaintiff's "factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)

(quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Title II of the ADA prohibits discrimination by public entities on the basis of an individual's disability. 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").[2] To make out a *prima facie* case of disability discrimination, a plaintiff must demonstrate that: "(1) he is a qualified person with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Jordan v. Delaware*, 433 F. Supp. 2d 433, 443 (D. Del. 2006) (quotation and internal quotation marks omitted).

**B.    Analysis**

Plaintiff's Complaint suffers from a number of deficiencies. As an initial matter, Plaintiff advances his claims under Title II rather than Title III of the ADA. While Title II prohibits disability discrimination by public entities, Title III proscribes disability discrimination by "places of public accommodation." 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

---

[2] For purposes of the statute, "the term 'disability' means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C § 12102. "The term 'public entity' means—(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority[.]" 42 U.S.C. § 12131(1).

3

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."). Although gas stations are not "public entities" for purposes of the ADA, gas stations *are* specifically included within the ADA's statutory definition of "public accommodations." 42 U.S.C. § 12181(7)(F). Accordingly, while Plaintiff does not have a cause of action against Defendant under Title II, he may potentially make out a claim against Defendant under Title III of the ADA.[3]

Even if Plaintiff's Complaint is liberally construed as an action under Title III, however, the Complaint still fails to establish a *prima facie* case of disability discrimination.[4] As Defendant points out, although Plaintiff's Complaint makes reference to his use of a "service animal," the Complaint fails to allege that Plaintiff is an individual with a disability for purposes of the ADA. Indeed, the Complaint does not provide any indication as to what type of physical or mental impairment Plaintiff has, if any. As such, Plaintiff's Complaint fails to plead that Plaintiff has a disability as required to state a *prima facie* case under Title III.

Plaintiff was placed on notice regarding this deficiency in his Complaint through Defendant's Motion to Dismiss. Magistrate Judge Miller subsequently held a status conference on December 11, 2018, during which the parties discussed Defendant's Motion and Plaintiff's need

---

[3] Although Plaintiff advances his claims under Title II of the ADA, Defendant treats Plaintiff's Complaint as if it were filed pursuant to Title III of the ADA, 42 U.S.C. § 12181 *et seq*.

[4] To state a *prima facie* claim under Title III, a plaintiff must plead facts demonstrating that "(1) he was discriminated against *on the basis of disability*; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns, leases (or leases to), or operates a place of public accommodation." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 118 F. Supp. 2d 494, 514 (D.N.J. 2000), *opinion amended on reargument*, 130 F. Supp. 2d 610 (D.N.J. 2001) (emphasis added) (citations omitted). As such, a plaintiff must make a showing that he is disabled for purposes of the ADA to make out a *prima facie* case of disability discrimination under Title III. *Matheis v. CSL Plasma, Inc.*, 346 F. Supp. 3d 723, 727 (M.D. Pa. 2018) (citing *Sharrow v. Bailey*, 910 F. Supp. 187, 191 (M.D. Pa. 1995)).

to cure the deficiency. Plaintiff requested and was granted additional time until December 27, 2018 to amend his Complaint, but, to date, he has failed to do so. Under these circumstances, the dismissal of Plaintiff's Complaint is warranted based on Plaintiff's failure to state a claim upon which relief may be granted. Nonetheless, recognizing that Plaintiff is a *pro se* litigant, the Court will exercise its discretion to dismiss Plaintiff's claims for injunctive relief without prejudice. *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (noting that a district court has discretion to dismiss a plaintiff's complaint with or without prejudice following a failure to timely amend) (citing *In re Westinghouse Securities Litigation,* 90 F.3d 696, 704 (3d Cir.1996)).

Plaintiff's claim for monetary damages, on the other hand, will be dismissed with prejudice. It is well-established that "private plaintiffs may not obtain monetary damages and [] only prospective injunctive relief is available" under Title III of the ADA. *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013) (citing *Reviello v. Phila. Fed. Credit Union,* 2012 WL 2196320, at *4 (E.D. Pa. June 14, 2012)).[5] Accordingly, any attempt by Plaintiff to obtain monetary damages is barred by statute, and the Court will therefore dismiss Plaintiff's claim for monetary damages with prejudice.

### III. CONCLUSION

For the reasons discussed above, the Court will grant in part Defendant's Motions to Dismiss Plaintiff's Complaint. Specifically, the Court will (1) dismiss Plaintiff's claim for

---

[5] Title III's enforcement provision provides that "[t]he remedies and procedures set forth in section 2000a-3(a) of [Title 42] are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability[.]" 42 U.S.C. § 12188. Title 42 U.S.C. § 2000a-3(a), in turn, provides only for injunctive relief.

injunctive relief without prejudice; and (2) dismiss Plaintiff's claim for monetary relief with prejudice.[6] An appropriate Order accompanies this Memorandum Opinion.

Date:   July 18, 2019                                           _____/s/_____
                                                                WILMA A. LEWIS
                                                                Chief Judge

---

[6] In light of its ruling on Defendant's Motions to Dismiss, the Court will deny Defendant's "Motion to Deem Defendant's Motion to Dismiss Unopposed and Conceded" (Dkt. No. 26) as moot.